



# MEMORANDUM OPINION

Nos. 04-11-00366-CR & 04-11-00367-CR

Juan A. **CAVAZOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2010-CR-3069A & 2010-CR-3070A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 14, 2012

AFFIRMED

Juan A. Cavazos was charged in separate indictments with the murder of Rodolfo Davila and the aggravated assault of Edmundo Zambrano.  The cases were tried together and a jury found Cavazos guilty on both counts.  The trial court sentenced him to life in prison.  Cavazos appeals the judgments, arguing the trial court erred when it refused to include an instruction on self-defense in the jury charge.  We affirm the trial court's judgments.

"A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). "Raised by the evidence" means "there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1059 (2008). In deciding the issue, we view the evidence in the light most favorable to the defendant. *Ferrel*, 55 S.W.3d at 591.

A person is justified in using force against another when he believes the force is immediately necessary to protect him against the other's use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31 (West 2011). A person is justified in using deadly force if he is justified in using force against the other person under section 9.31 of the Texas Penal Code and the person reasonably believes deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force. *See id.* § 9.32. The resolution of this case turns on whether there was some evidence in the record which would permit a jury to make a rational inference that when Cavazos shot the victims, Davila and one of the witnesses were using or attempting to use unlawful deadly force against Cavazos and Cavazos reasonably believed the use of deadly force was immediately necessary for his protection.

Cavazos argues there was sufficient evidence to support the submission of an instruction on self-defense. Although there was no direct evidence of Cavazos's state of mind, Cavazos contends that testimony there was gunshot residue on the hands of one of the victims and one of the witnesses was sufficient to support a rational inference that the two used firearms to shoot at Cavazos. To place this argument in perspective, a brief recitation of the evidence is necessary.

Cavazos was convicted of killing Rodolfo Davila and of aggravated assault on Edmundo Zambrano by shooting both with a firearm. Before the shooting, Davila, Zambrano, and Steve Lozano were playing pool at a bar on the east side of San Antonio after the bar's 2:00 a.m. closing time. Lozano testified he heard a knock on the door, and saw Davila admit four men, one of whom was Cavazos. Cavazos and one of the other men engaged Davila in conversation. Lozano testified that "all of a sudden" he heard gunshots. When he turned, he saw Cavazos and the other man with guns. Lozano testified that Davila was shot, the two men pointed their weapons at Zambrano and Lozano, who both dove to the ground. Lozano heard additional shots and then saw the four men run out. Lozano went to aid Davila, but Davila died in his arms. Lozano told the jury that he did not have a weapon nor did he see any weapon lying near Davila. He testified the only people with guns were Cavazos and one of the men who came with Cavazos into the bar.

Zambrano testified that after the initial gunshots, Cavazos came and placed a gun against his head. Zambrano tried to run, heard two more shots, and fell to the ground. After the four men fled, Zambrano discovered he had been shot in the leg. He identified Cavazos as the person who shot him.

Dr. Jennifer Rulon, a medical examiner, testified Davila had a total of nine gunshot wounds — one in an arm and eight in the torso. She testified that six of the nine wounds would have been fatal standing alone. One of the wounds had powder tattooing, indicating that the gun was fired from close range. Dr. Rulon recovered several slugs and bullet fragments from the body. Tami Sleigh, a firearms examiner with the Bexar County Crime Lab, testified she examined the slugs and bullet fragments from the autopsy and crime scene. She determined that there were two different caliber bullets involved — .40 caliber and 9 millimeter, and that all the

bullets of the same caliber were fired from the same gun. Sleigh also examined spent cartridges retrieved from the crime scene. She determined that seven cartridges were from .40 caliber bullets and five cartridges were from 9 millimeter bullets. Sleigh further determined that all of the cartridges of the same caliber were fired from the same weapon. The physical evidence thus established that Davila was killed with bullets from two different weapons, and there was no evidence of any other firearm present at the murder scene.

Cavazos relies on the testimony of Christina Vachon, a forensic scientist with the Bexar County Crime Lab to establish his right to the self-defense jury instruction. Vachon testified that gunshot residue was found on both of Davila's and Lozano's hands. Vachon explained to the jury that gunshot residue forms as a cloud around a firearm when it is fired. The cloud will settle on items that are around the weapon. Gunshot residue can be carried by air currents, and a person walking through a room could have residue deposited on him. Vachon testified that the presence of gunshot residue indicates that a person fired a weapon, handled a weapon that had been fired, or was in close proximity to someone else who fired a weapon. She also testified that multiple gunshots would result in a larger cloud of gunshot residue being released into the air.

Cavazos argues evidence of gunshot residue on Davila's and Lozano's hands is sufficient to permit a rational inference that Lozano and Davila fired weapons. Vachon testified that the firing of a weapon or handling a recently-fired weapon were possible explanations, but also testified that being in close proximity to someone who fired a weapon was an equally possible explanation. Cavazos argues that this court is required to view the evidence in the light most favorable to him, and this principle compels us to accept the explanation that Lozano and Davila fired a weapon. We disagree. In *Hooper v. State*, the Texas Court of Criminal Appeals, in the context of legal sufficiency review, discussed when evidence is sufficient to support a rational

inference. 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007). The court began by recognizing the differences between a presumption, a reasonable inference supported by the evidence, and speculation.

> A presumption is a legal inference that a fact exists if the facts giving rise to the presumption are proven beyond a reasonable doubt. *See* TEX. PENAL CODE § 2.05. For example, the Penal Code states that a person who purchases or receives a used or secondhand motor vehicle is presumed to know on receipt that the vehicle has been previously stolen, if certain basic facts are established regarding his conduct after receiving the vehicle. TEX. PENAL CODE § 31.03(c)(7). A jury may find that the element of the offense sought to be presumed exists, but it is not bound to find so. TEX. PENAL CODE § 2.05. In contrast, an inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt.

*Id.*

Cavazos asserts the relevant conclusion — that Davila or Lozano fired a weapon at him — was raised by evidence of the gunshot residue test results. This conclusion is not a rational inference, but rather is mere speculation. There are no "other facts" in the record from which we can deduce a logical conclusion that either man fired a weapon. *See id.* No firearm was found at the murder scene, and Lozano testified he did not have a weapon and did not see a weapon near Davila. Rather, the evidence supports the explanation that the gunshot residue resulted from Davila and Lozano being in close proximity to others who fired weapons. Vachon testified that the cloud of gunshot residue would be larger when multiple gunshots occurred. The physical evidence indicates that at least twelve shots were fired in an enclosed room. The only way to infer that Davila or Lozano fired a weapon would be by merely "theorizing or guessing about the possible meaning of facts and evidence presented." *See id.* Viewing the evidence in the light

most favorable to Cavazos, the evidence failed to raise each element of self-defense, and the trial court did not err in refusing to include a self-defense instruction in the jury charge.

The judgments of the trial court are affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH